IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| MICHEL "MICHAEL" TOUKO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-1113 |
| UNITED STATES OF AMERICA, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Michel "Michael" Touko brings this civil action against Defendants United States of America and John Does 1–12, alleging unlawful search and seizure, excessive force, and battery. ECF No. 1. Pending before the Court is Defendants' Motion to Dismiss. ECF No. 13.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants' Motion to Dismiss is granted, in part, and denied, in part.

### I. BACKGROUND[2]

On or about May 3, 2017, Plaintiff Michel "Michael" Touko was at the residence of his girlfriend, Sharon Duke, located at 410 Christopher Avenue, Apt. F, Gaithersburg, Maryland 20879. ECF No. 1 ¶ 9. Plaintiff was in the bathroom about to shower when he heard loud knocking and shouting. *Id.* ¶ 10. Ms. Duke's adult son, Anderson Dukes,[3] opened the door. *Id.* ¶

---

[1] Also pending before the Court are Defendants' two Consent Motions for Extension of Time, ECF No. 17; ECF Nos. 18 & 19, which the Court grants.

[2] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[3] The Complaint identifies the mother's last name as "Duke" and the son's last name as "Dukes." ECF No. 1 ¶¶ 9, 11.

1

11. A U.S. Marshal pointed a gun at Mr. Dukes and his friend and asked if anyone else was in the apartment. *Id.* Plaintiff responded that he was in the apartment. *Id.* He then dressed and began to leave the bathroom. *Id.* As he did, two U.S. Marshals pointed guns at Plaintiff before jumping on him and placing him in handcuffs. *Id.* According to Plaintiff, twelve U.S. Marshals raided the apartment and battered him. *Id.* ¶ 12. One of the Marshals had his foot on Plaintiff's back while another had his knee on the back of Plaintiff's neck. *Id.* Plaintiff asked why he was being arrested and said the Marshals were hurting him, but they did not respond. *Id.*

The U.S. Marshals then pulled Plaintiff from the bathroom, through and outside the apartment, and down a flight of stairs. *Id.* ¶ 14. Plaintiff's shoulder, back, and side were injured when he was dragged down the stairs. *Id.* A U.S. Marshall asked Plaintiff if he could identify three men from photos on the agent's cell phone. *Id.* ¶ 15. Plaintiff said he could not. *Id.* The Marshals then pulled him back into the living room of the apartment. *Id.* ¶ 16. One Marshal went outside to speak to another before returning, removing the handcuffs from Plaintiff, and leaving. *Id.* Plaintiff alleges that the U.S. Marshals raided the wrong apartment. *Id.* ¶ 13.

On April 30, 2020, Plaintiff filed suit in this Court, bringing *Bivens* claims against twelve unidentified U.S. Marshals ("John Doe Defendants") for unlawful search and seizure and use of excessive force (Counts I and II) and a Federal Tort Claim Act (FTCA) claim against the United States for battery (Count III). ECF No. 1. Defendants filed a Motion to Dismiss on October 20, 2020. ECF No. 13. Plaintiff responded on October 30, 2020, ECF No. 16, and Defendants replied on December 18, 2020, ECF No. 20.

## II.     STANDARD OF REVIEW

Defendants argue the Court should dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under 12(b)(6) "test[s] the

adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

## III. DISCUSSION

### A. FTCA Claim

Plaintiff's battery claim against the United States arises under the Federal Tort Claims Act (FTCA), which confers jurisdiction on the district courts to hear claims "for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the

3

Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA thus serves as a waiver of the United States' sovereign immunity. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). This means, in effect, that the United States can be held liable for the intentional torts of certain government employees, including battery. *See* 28 U.S.C. § 2680(h) (waiver of sovereign immunity applies to "acts or omissions of investigative or law enforcement officers of the United States Government, . . . arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"). Additionally, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and is entitled to all defenses available to its agents, *Norton v. United States*, 581 F.2d 390, 393 (4th Cir. 1978).

FTCA claims are governed by the law of the place where the alleged tortious acts occurred. *See Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)); *United States v. St. Louis Univ.*, 336 F.3d 294, 300 (4th Cir. 2003). Here, the alleged battery took place in Maryland, so Maryland law applies, including its choice-of-law rules. *See Cibula*, 551 F.3d at 319; *St. Louis Univ.*, 336 F.3d at 300. Because Maryland generally follows the principle of *lex loci delicti*—the law of the state where the injury occurred— Maryland law governs Plaintiff's battery claim. *See Johnson-Howard v. AECOM Special Missions Servs., Inc.*, 434 F. Supp. 3d 359, 371 (D. Md. 2020). Defendants assert that under Maryland law, the U.S. Marshals—and thus the United States—are not liable unless they acted

with malice, as they are otherwise entitled to public official immunity. ECF No. 13-1 at 3.[4] In support, Defendants rely on *Goehring v. United States*, which indeed states that "under Maryland law, a law enforcement officer is not liable for assault and battery or other tortious conduct performed during the course of his official duties unless he acted with actual malice toward the plaintiff, i.e. with 'ill will, improper motivation or evil purpose.'" 870 F. Supp. 106, 108 (D. Md. 1994) (quoting *Davis v. Muse*, 51 Md. App. 93, 100, 441 A.2d 1089, 1093 (1982)). However, this statement does not accurately reflect Maryland law, at least as it stands today.

*Goehring* cites *Davis* for the proposition that law enforcement officers are not liable for tortious conduct in the absence of malice. *See* 870 F. Supp. at 108 (citing 51 Md. App. at 100, 441 A.2d at 1093). *Davis*, in turn, relies on the public official immunity standard outlined in *James v. Prince George's County*, and finds that, in the absence of malice, police officers—as public officials—are free from liability. 51 Md. App. at 98–99, 441 A.2d at 1092 (citing *James v. Prince George's County*, 288 Md. 315, 323, 418 A.2d 1173, 1177 (1980)). But *Davis* omitted the language in *James* confining public official immunity to negligence claims, instead extending public official immunity to assault and battery claims as well. *See James v. Prince George's County*, 288 Md. at 322, 418 A.2d at 1177 ("Before a governmental representative in this State is relieved of liability *for his negligent acts*, it must be determined that the following independent factors simultaneously exist. . . .") (emphasis added). Maryland courts have since repeatedly clarified that public official immunity does not apply in the case of intentional torts, such as battery. *See, e.g.*, *Cooper v. Rodriguez*, 443 Md. 680, 714 n.14 (2015) ("A public official is not entitled to common law public official immunity where the official committed an intentional tort

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*or* acted with malice.") (emphasis added); *Ashton v. Brown*, 339 Md. 70, 117 (1995) ("Public official immunity is not a defense to these intentional torts."); *Cox v. Prince George's Cnty.*, 296 Md. 162, 169 (1983) ("[A] police officer does not enjoy this immunity if he commits an intentional tort or acts with malice."); *see also Johnson v. Prince George's Cty., Maryland*, No. CIV.A. DKC 10-0582, 2011 WL 806448, at *7 & n.10 (D. Md. Mar. 1, 2011) (rejecting the same *Goehring*-based argument Defendant makes here and finding public official immunity does not apply to the plaintiff's intentional tort claims).

Accordingly, regardless of whether Plaintiff adequately pleaded malice, Defendant cannot claim public official immunity under Maryland law because Plaintiff has alleged an intentional tort. *See Johnson*, No. CIV.A. DKC 10-0582, 2011 WL 806448, at *7 ("[N]either statutory nor common law public official immunity applies to the intentional tort claims of assault, battery, and false arrest. [The plaintiff] need not show malice on those claims."). Because Defendants have not asserted any other defense with respect to Plaintiff's FTCA claim at this stage, the Motion to Dismiss Plaintiff's FTCA claim is denied.

### B. *Bivens* Claims

While Plaintiff's claim against the United States may proceed, its *Bivens* claims against the twelve John Doe Defendants are time-barred. There is no express period of limitations in the Civil Rights Act, but federal courts generally apply the most appropriate state statute of limitations to a *Bivens* claim. *See Hare v. Jae B. Shin*, No. GJH-16-3296, 2017 WL 3701473, at *3 (D. Md. Aug. 25, 2017). Maryland's general three-year statute of limitations for civil actions is most applicable. *See* Md. Code Ann., Cts. & Jud. Proc., § 5–101. Accordingly, Plaintiff's *Bivens* claims against the twelve John Doe Defendants are subject to a three-year statute of

limitations. *See, e.g.*, *Hare*, No. GJH-16-3296, 2017 WL 3701473, at *3; Jeanty *v. Hustler*, No. GJH-13-1634, 2016 WL 234814, at *6 (D. Md. Jan. 19, 2016).

The incident that gives rise to this action occurred on May 3, 2017. *See* ECF No. 1 ¶ 9. The Complaint was filed on April 30, 2020, several days before the statute of limitations expired.[5] However, Plaintiff has yet to name the twelve John Doe Defendants. Because the statute of limitations deadline has passed, Defendants argue any claims against the John Doe Defendants are time-barred, even if Plaintiff were to identify them in an amended complaint.

Naming defendants as "John Does" does not toll the limitations period under Maryland or federal law. *See Nam v. Montgomery Cty.*, 127 Md. App. 172, 185, 732 A.2d 356, 363 (1999); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir. 2006); *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978).

Nor has Plaintiff asserted that equitable tolling or equitable estoppel applies. Where a state statute of limitations applies, the state's equitable tolling rules apply as well. *See Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999). Maryland courts construe statutes of limitations strictly,[6] and equitable tolling is allowed only where the defendant holds out an inducement not to file suit or indicated that limitations would not be pleaded. *Elat v. Ngoubene*,

---

[5] The parties agree that the statute of limitations was therefore set to expire May 3, 2020. ECF No. 13-1 at 7; ECF No. 16 at 16 n. 3. The parties contest, however, whether an administrative order by the Maryland Court of Appeals tolled this original deadline, rendering the new applicable statute of limitations September 22, 2020, despite this Court's Standing Order 2020-07, which clearly stated that statutes of limitations were not tolled due to the COVID-19 pandemic. As the order issued by the Maryland Court of Appeals applied only to "matters required to be filed in a Maryland state trial or appellate court," it does not apply to Plaintiff's *Bivens* claims. Accordingly, the statute of limitations for this matter expired May 3, 2020. *Cf. Spelta v. Bakker*, No. CV DKC 20-1164, 2020 WL 2732070, at *1 (D. Md. May 26, 2020) ("The orders applicable in this court, however, explicitly did not extend any statute of limitations.").

[6] *See also Hecht v. Resol. Tr. Corp.*, 333 Md. 324, 333, 635 A.2d 394, 399 (1994) ("We have long maintained a rule of strict construction concerning the tolling of the statute of limitations."); *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641, 645 (1985) ("We have long adhered to the principle that where the legislature has not expressly provided for an exception in a statute of limitations, the court will not allow any implied or equitable exception to be engrafted upon it.").

993 F. Supp. 2d 497, 538 (D. Md 2014) (citing *Kumar v. Dhanda*, 198 Md. App. 337, 353, 17 A.3d 744, 754 (Md. Ct. Spec. App. 2011)) (noting that the doctrine has been applied only "rarely" and that, "under Maryland law, equitable tolling shares equitable estoppel's requirement that the defendant act to prevent the plaintiff from filing suit"); *see also Adedje v. Westat, Inc.*, 214 Md. App. 1, 75 A.3d 401, 408 (Md. Ct. Spec. App. 2013) ("[E]quitable tolling seeks to excuse untimely filing by an individual plaintiff and is generally applicable where the plaintiff has been induced or tricked by the defendant's conduct into allowing the filing deadline to pass." (quoting *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 255 Ill.App.3d 790, 195 Ill. Dec. 935, 629 N.E.2d 520, 531 (1993))). The failure to provide information concerning additional defendants will not suffice. *See Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 356 (2003) (holding that the limitations period was not tolled when a defendant did not timely respond to discovery requests concerning additional parties but the defendant did not engage in fraudulent concealment); *Ferrucci v. Jack*, 255 Md. 523, 525, 258 A.2d 414, 415 (1969) (finding the limitations period was not tolled where the plaintiff alleged that the named defendant "concealed the true identity" of the correct defendant until after the statute of limitations had run, but the plaintiff had not demonstrated diligence in ascertaining the correct defendants); *cf. Conaway v. State*, 90 Md. App. 234, 253, 600 A.2d 1133, 1142 (1992) ("[K]nowledge of the identity of a particular defendant is not a necessary element to trigger the running of the statute of limitations."). Plaintiff has not alleged that Defendant prevented him from filing suit; therefore, the limitations period has not been tolled.

Because the limitations period has expired since the Complaint was filed, and the statute of limitations has not been tolled, any future amendment of the Complaint to name the John Doe Defendants would be untimely unless it "related back" to the date of the original Complaint.

Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading to "relate back" to the date of the original pleading if (1) the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original pleading, and (2) "the party to be added (a) received timely notice of the action such that he would not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that he would have been named as defendant 'but for a mistake concerning the proper party's identity.'" *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 371 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 2887 (2015) (quoting Fed. R. Civ. P. 15(c)(11)(C)(ii)).[7] However, naming "John Doe" as a defendant does not constitute a "mistake" for purposes of Rule 15(c). *See, e.g.*, *Vaughan v. Foltz*, No. 2:16-CV-61-FL, 2019 WL 1265055, at *9 (E.D.N.C. Mar. 19, 2019), *aff'd*, 825 F. App'x 131 (4th Cir. 2020) ("It is well-settled in this circuit that plaintiff should not be permitted to amend her complaint to remove the John Doe defendants and substitute real parties, because their lack of knowledge of the proper defendants is not considered a 'mistake' under Rule 15(c)(3)."); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366–67 (4th Cir. 2006) (referencing "the weight of federal case law holding that the substitution of named parties for 'John Doe' defendants does not constitute a mistake pursuant to Rule 15(c)(3)"); *see also Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (noting that Rule 15(c) does not permit relation back where there is a lack of knowledge of the proper party). Therefore, even if Plaintiff were to identify and name individuals in place of the John Doe Defendants, the amended complaint would not relate

---

[7] "Federal Rule 15(c) governs the relation back of amendments and controls in the face of conflicting and less generous state law." *Fed. Leasing, Inc. v. Amperif Corp.*, 840 F. Supp. 1068, 1071 (D. Md. 1993) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611–12 (4th Cir.), *cert. dismissed*, 448 U.S. 911 (1980). Here, applying Maryland law ultimately yields the same result—naming an individual previously identified as John Doe is not considered a "misnomer" or "correction of a previously identified party," but instead reflects the addition of a new defendant, to which the doctrine of relation back does not apply. *See Nam v. Montgomery Cty.*, 127 Md. App. 172, 186–88, 732 A.2d 356, 363–65 (1999).

back and the *Bivens* claims would remain time-barred. *See, e.g.*, *Barnes v. Prince George's County, Md.*, et al., 214 F.R.D. 379, 382 (D. Md. 2003); *Daniels v. Carter-Jones Lumber Co.*, No. 17-CV-00982-ELH, 2017 WL 5495959, at *6 (D. Md. Nov. 16, 2017).[8]

Several courts outside this Circuit have applied an exception to the rule prohibiting relation back in the case of John Doe defendants where the information regarding the John Doe identities is particularly within the defendant's knowledge, the plaintiff has diligently attempted to ascertain those identities through discovery, and the plaintiff seeks to amend shortly after learning of those identities. *See Byrd v. Abate*, 964 F. Supp. 140, 145–46 (S.D.N.Y. 1997); *see also Alston v. Bellerose*, No. 3:12-CV-147 (CSH), 2016 WL 554770, at *3 (D. Conn. Feb. 11, 2016) (permitting joinder of John Doe defendants under the *Byrd* exception); *Archibald v. City of Hartford*, 274 F.R.D. 371, 377–79 (D. Conn. 2011) ("[S]ome district courts in the Second Circuit have recognized an exception to the Second Circuit's seemingly categorical rule for cases in which a plaintiff attempted to discover the identity of the unknown defendant prior to the expiration of the statute of limitations but did not receive an adequate response to his discovery requests."). Plaintiff therefore emphasizes its efforts to determine the identities of the John Doe Defendants and Defendants' refusal to provide that information. Specifically, Plaintiff: (1) submitted a Freedom of Information Act ("FOIA") request to the U.S. Marshal's Service ("USMS") February 19, 2020, but failed to include a required authorization, meaning it could not

---

[8] The Court is aware of two cases in this Circuit—one in this District—that did not apply this rule. *See McDaniel v. Maryland*, No. CIV.A. RDB-10-00189, 2010 WL 3260007 (D. Md. Aug. 18, 2010); *McKnight v. Iceberg Enterprises LLC*, No. 9:10-CV-03248-DCN, 2012 WL 2418870 (D.S.C. June 26, 2012). In fact, *McDaniels* did not reference this rule at all, proceeding directly to the questions of notice and prejudice embedded in Rule 15(c). *See* No. CIV.A. RDB-10-00189, 2010 WL 3260007, at *5. Nevertheless, given the weight of authority finding that identifying a John Doe defendant does not constitute a mistake, the Court will not follow *McDaniels* and *McKnight* here. Additionally, *McKnight* is distinguishable, as in that case, there was clear evidence that the John Doe defendant had notice of the claim and the defendant was served within the 4(m) period. *See* No. 9:10-CV-03248-DCN, 2012 WL 2418870, at *4.

be processed; (2) resubmitted the FOIA request on April 29, 2020, and received a response that the USMS did not identify responsive records; (3) sought records form the Maryland State Police under the Maryland Public Information Act on March 2, 2020, and was told "there is no record of your client or the address you provided in our system"; and (4) informally requested the identifies of the Marshalls involved from defense counsel on July 2, 2020, which likewise proved unsuccessful. ECF No. 16 at 8–9.

This Court certainly sees the potential wisdom of the approach taken by its out-of-circuit colleagues to the extent it prevents defendants from running the clock by rebuffing timely efforts by plaintiffs to discover the identities of alleged bad actors. However, even assuming a similar exception might be adopted by this Circuit, the Court finds that it would not apply here. Courts applying the *Byrd* exception have emphasized two findings: first, that the plaintiff diligently sought discovery from a defendant that rebuffed the requests; and second, that the John Doe defendants were on notice, or at least constructive notice, for the purposes of Rule 15(c). Regarding the diligent efforts to obtain the information, the plaintiff in *Byrd* filed his complaint 18 months before the limitations period expired and "made a series of efforts to obtain the identity of the individual officer without prompting, and well before the end of the limitations period," but the defendants concealed that information until three months after the statute of limitations had run. *Byrd*, 964 F. Supp. at 142, 144–45. Similarly, in *Alston v. Bellerose*, an incarcerated *pro se* plaintiff served court-ordered discovery requests upon defendants with information about certain John Does' identities. No. 3:12-CV-147 (CSH), 2016 WL 554770, at *4. The plaintiff then filed several motions, resulting in the court ordering the defendants to respond, which they finally did more than a year after the initial requests were served. *Id.* The Court determined that "[a] greater example of diligence" on the plaintiff's part could not "be

envisioned." *Id.* And, in *Archibald v. City of Hartford*, discovery began more than six months before the expiration of the limitations period, and the plaintiff "made numerous attempts to learn the names of the officers . . . —including through initial disclosures, document requests, interrogatories, and Rule 30(b)(6) depositions." 274 F.R.D. at 381. Moreover, in all three cases, notice was imputed because (1) the same attorney represented the newly-named John Doe defendant as the previously-identified defendants (2) and the John Does "were identified with a fair amount of specificity in the amended complaint." *Alston v. Bellerose*, No. 3:12-CV-147 (CSH), 2016 WL 554770, at *3 (specifying the John Doe defendants' ranks and the allegedly wrongful acts they each committed); *see also Byrd*, 964 F. Supp. at 146 (describing the John Doe defendant as the officer on duty during the incident); *Archibald v. City of Hartford*, 274 F.R.D. at 380, 384 (finding the original complaint "contained considerable detail regarding the roles of John Doe 1 and Jane Doe 1 and [the plaintiff's] interaction with those officers as well as with the other unidentified officers").

    Here, by contrast, Plaintiff filed suit mere days before the limitations period expired, thereby not leaving time to discover the identities of the John Doe defendants through pre-trial discovery, and made only modest pre-litigation efforts to obtain the identities. *Cf. Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *10 (E.D.N.C. Mar. 30, 2016) (noting "[t]he crux of the *Byrd* case was the plaintiff's <u>timely</u> attempts to obtain discovery" and finding the *Byrd* exception would not apply where the complaint was filed one week before the statute of limitations ran and there was no showing that the plaintiff requested discovery from defendants that week) (emphasis in original). Plaintiff's actions do not demonstrate the diligence required for the exception to apply. Plaintiff's allegations as to the John Doe defendants are also insufficiently specific to put them on notice—for example, he names twelve John Does without

any identifying details and, for the most part, alleges their conduct generally, stating the "U.S. Marshals raided the apartment and battered" Plaintiff or the "Marshals pulled him from the bathroom." ECF No. 1 ¶¶ 12, 14. And, as in *Lee*, the 90-day period provided by Rule 4(m) already has run and Plaintiff still has no knowledge of the proper party. No. 5:15-CV-638-FL, 2016 WL 1266597, at *8. Accordingly, Plaintiff's *Bivens* claims against the John Doe Defendants are dismissed as time-barred.[9]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 13, is granted, in part, and denied, in part. A separate Order follows.

Date: <u>June 29, 2021</u>   /s/_____
                              GEORGE J. HAZEL
                              United States District Judge

---

[9] Because the Court dismisses the *Bivens* claims as time-barred, it does not address Defendants' other arguments for dismissal.