IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHEL MICHAEL TOUKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-cv-01113-LKG |
| v. ) | |
| ) | Dated: September 13, 2023 |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this civil action, Plaintiff Michel "Michael" Touko brings a battery claim against the United States of America, arising from certain injuries that he allegedly sustained during an encounter with the United States Marshals Service Task Force on May 3, 2017, pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.  See generally*, ECF No. 1. Plaintiff has filed a motion to empanel an advisory jury for trial, pursuant to Fed. R. Civ. P. 39(c).  ECF No. 39.  The motion is fully briefed.  ECF Nos. 39, 43 and 46.  No hearing is necessary to resolve the motion.  *See* L. R. 105.6.  For the reasons that follow, the Court **DENIES** Plaintiff's motion to empanel an advisory jury in this case.

**II.    FACTUAL AND PROCEDRUAL BACKGROUND**[1]

  **A.     Factual Background**

The remaining claim in this civil action is a FTCA battery claim brought by Plaintiff, Michel "Michael" Touko against the United States of America, arising from certain injuries that he allegedly sustained during an encounter with the United States Marshals Service Task Force on May 3, 2017.  *See generally*, ECF Nos. 1 and 39.

On May 3, 2017, Plaintiff was inside an apartment located at 410 Christopher Avenue,

---

[1] The facts recited in this memorandum opinion are taken from the complaint.  ECF No. 1.

Apt. F, Gaithersburg, Maryland, when several U.S. Marshals conducted a raid of the apartment. ECF No. 1 at ¶ 12; *see also* ECF No. 39 at 2.  Plaintiff alleges the U.S. Marshals committed battery on him, by "unlawfully and intentionally touching him in an offensive manner," during this raid.  *Id*. at ¶ 34.

Specifically, Plaintiff alleges that the U.S. Marshals arrested him without probable cause, by placing handcuffs on him, jumping on top of him, pointing firearms at him, placing a knee in his back, dragging him down a flight of stairs and then pulling him back up the stairs. *Id*.  Plaintiff further alleges that his shoulder, back and side were injured during his encounter with the U.S. Marshals.  *Id*. at ¶14.  As relief, Plaintiff seeks to, among other things, recover monetary damages in the amount of $10 million from the United States.  *Id*. at Prayer for Relief.

    **B.**    **Procedural History**

Plaintiff commenced this FTCA action on April 30, 2020.  ECF No. 1.  On October 20, 2020, the Government filed a motion to dismiss.  ECF No. 13.

On June 29, 2021, the Court issued a memorandum opinion and order granting-in-part and denying-in-part the Government's motion to dismiss, and dismissing Plaintiff's *Bivens* and excessive use force claims.  ECF Nos. 22, 23.

On February 15, 2023, Plaintiff filed a motion to empanel an advisory jury for trial.  ECF No. 39.  On March 8, 2023, the Government filed a response in opposition to Plaintiff's motion. ECF No. 43.  On March 29, 2023, Plaintiff filed a reply in support of his motion.  ECF No. 46.

Plaintiff's motion to empanel an advisory jury having been fully briefed, the Court resolves the pending motion.

**III.**    **LEGAL STANDARDS**

    **A.**    **Fed. R. Civ. P. 39(c) And Advisory Juries**

Rule 39(c) of the Federal Rules of Civil Procedure addresses advisory juries.  Fed. R. Civ. P. 39(c).  This Rule provides, in relevant part, that:

> **Advisory Jury; Jury Trial by Consent**.  In an action not triable of right by a jury, the court, on motion or on its own:
> (1) may try any issue with an advisory jury; or

> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

*Id.*

Neither the United States Court of Appeals for the Fourth Circuit, nor this Court have addressed whether an advisory jury is appropriate in a FTCA case. But, several other courts have considered this question and construed Rule 39(c) to afford district courts the discretion to use an advisory jury in FTCA cases. *See, e.g., Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 2-3 (D.D.C. 1996); *Wright v. United States*, 80 F.R.D. 478, 479 (D. Mont. 1978); *Birnbaum v. United States*, 436 F. Supp. 967, 988 (E.D.N.Y. 1977), *aff'd in relevant part*, 588 F.2d 319, 321, 334–35 (2d Cir. 1978); *Coffland v. United States*, 57 F.R.D. 209, 210 (N.D.W. Va. 1972); *Poston v. United States*, 262 F. Supp. 22, 23–24 (D. Haw. 1966), *aff'd*, 396 F.2d 103 (9th Cir.), *cert. denied*, 393 U.S. 946 (1968), *rehearing denied*, 393 U.S. 1072 (1969); *Schetter v. Housing Auth. of City of Erie*, 132 F. Supp. 149 (W.D. Pa. 1955); *Carter v. United States*, No. 08-4145-JAR, 2009 WL 1956474, at *1 (D. Kan. July 7, 2009); *Mowry v. United States*, No. 5:19-CV-00627, 2021 WL 1857132, at *4 (N.D. Ohio May 10, 2021); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2009 WL 1950743, at *2 (E.D. La. July 2, 2009); *Gros v. United States*, No. CIV.A.H-04-4665, 2005 WL 6459834, at *3 (S.D. Tex. Sept. 27, 2005), *aff'd*, 232 F. App'x 417 (5th Cir. 2007); *Tucker v. Cascade Gen., Inc.*, No. CIV. 09-1491-AC, 2011 WL 5057052, at *9 (D. Or. Oct. 24, 2011). Other courts have held, however, that district courts lack the discretion to empanel an advisory jury in a FTCA case. *See, e.g., Honeycutt v. United States*, 19 F.R.D. 229, 231 (W.D. La. 1956) (district court lacks discretion to empanel an advisory jury under the FTCA); *Glasspool v. United States*, 190 F. Supp. 804, 806 (D. Del. 1961) (under the FTCA, jurisdiction is limited to a trial by the Court without a jury and "the district court has no authority or jurisdiction to empanel a jury for such causes.").

In addition, some district courts have declined to exercise discretion to empanel an advisory jury in a FTCA case even when the court determines that it has the discretion to do so. For example, courts have found the use of an advisory jury in FTCA cases to be "problematic in light of the Court's responsibility to act as a fact finder in FTCA cases, particularly in the event that the Court disagrees with the advisory jury's findings." *See, e.g., Wright*, 80 F.R.D. at 479-80; *In re Air Crash Disaster at Metropolitan Airport, Detroit, Michigan on January 19, 1979*,

619 F. Supp. 13, 17 (E.D. Mich. 1984) (observing that "the use of advisory juries in FTCA cases creates more problems than it solves.").

### B. The Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994) (internal quotation marks omitted)). Pursuant to the FTCA, this Court may consider, with certain enumerated exceptions, claims for money damages resulting from "the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment," so long as "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Jackson v. United States*, 77 F. Supp. 2d 709, 712 (D. Md. 1999) ("Under the [FTCA], the United States will be liable for acts or omissions of its agents that are tortious under the law of the place where the act or omission occurred.").

To bring a cognizable claim pursuant to the FTCA, a plaintiff must show that his claim is:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*FDIC v. Meyer*, 510 U.S. 471, 477 (quoting 28 U.S.C. § 1346(b)) (brackets existing). Relevant to the pending motion to empanel an advisory jury, the FTCA expressly provides that claims against the United States "shall be tried by the Court without a jury." 28 U.S.C. § 2402.

### IV. LEGAL ANALYSIS

Plaintiff requests that the Court exercise its discretion under Fed. R. Civ. P. 39(c) to empanel an advisory jury in this FTCA matter, to assist the Court: (1) in determining the community-based standards that should apply to the conduct of law enforcement; and (2) in evaluating the credibility of certain witnesses during trial. *See generally*, ECF No. 39. The Government opposes Plaintiff's motion and argues that an advisory jury is not warranted in this case, because: (1) the FTCA requires that tort actions against the United States be tried by judges

rather than by juries; (2) the reasons that Congress directed that FTCA cases be tried by judges apply with equal force to advisory juries; (3) an advisory jury would not be helpful in this case; and (4) Plaintiff advances no reason to appoint an advisory jury in this case. ECF No. 43 at 4-10. And so, the Government requests that the Court deny Plaintiff's motion. *Id*.

For the reasons that follow, the Court reads Rule 39(c) to give the Court the discretion to empanel an advisory jury in this FTCA case. But, Plaintiff has not met his burden to show that the Court should exercise such discretion and empanel an advisory jury in this matter. And so, the Court DENIES Plaintiff's motion to empanel an advisory jury. Fed. Civ. P. R. 39(c).

### A.     The Court Has Discretion To Empanel An Advisory Jury

As an initial matter, the Court reads Rule 39(c) to afford it discretion to empanel an advisory jury in this FTCA action. Rule 39(c) provides, in relevant part, that:

> **Advisory Jury; Jury Trial by Consent**. In an action not triable of right by a jury, the court, on motion or on its own:
> (1) may try any issue with an advisory jury; or
> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

*Id*. And so, this Rule plainly gives district courts the discretion to, on the motion of a party or on its own, try any issue with an advisory jury. *See* Fed. R. Civ. P. 39(c)(1).

While neither the Fourth Circuit, nor this Court have addressed whether empaneling an advisory jury is appropriate in a FTCA case, several other courts have considered this question and construed Rule 39(c) to afford district courts the discretion to use an advisory jury in FTCA cases. *See, e.g., Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 2-3 (D.D.C. 1996); *Wright v. United States*, 80 F.R.D. 478, 479 (D. Mont. 1978); *Birnbaum v. United States*, 436 F. Supp. 967, 988 (E.D.N.Y. 1977), *aff'd in relevant part*, 588 F.2d 319, 321, 334–35 (2d Cir. 1978); *Coffland v. United States*, 57 F.R.D. 209, 210 (N.D.W. Va. 1972); *Poston v. United States*, 262 F. Supp. 22, 23–24 (D. Haw. 1966), *aff'd*, 396 F.2d 103 (9th Cir.), *cert. denied*, 393 U.S. 946 (1968), *rehearing denied*, 393 U.S. 1072 (1969); *Schetter v. Housing Auth. of City of Erie*, 132 F. Supp. 149 (W.D. Pa. 1955); *Carter v. United States*, No. 08-4145-JAR, 2009 WL 1956474, at *1 (D. Kan. July 7, 2009); *Mowry v. United States*, No. 5:19-CV-00627, 2021 WL 1857132, at *4 (N.D. Ohio May 10, 2021); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-

1873, 2009 WL 1950743, at *2 (E.D. La. July 2, 2009); *Gros v. United States*, No. CIV.A.H-04-4665, 2005 WL 6459834, at *3 (S.D. Tex. Sept. 27, 2005), *aff'd*, 232 F. App'x 417 (5th Cir. 2007); *Tucker v. Cascade Gen., Inc.*, No. CIV. 09-1491-AC, 2011 WL 5057052, at *9 (D. Or. Oct. 24, 2011). Notably, the United States District Court for the District of Columbia has held that:

> Rule 39(c) deals with two different situations in two independent clauses separated by the word "or." The first clause of the Rule permits the court to try an issue with an advisory jury "in *all actions* not triable of right by a jury" (emphasis added), and it makes no exception for cases where the United States is a defendant. The second clause of Rule 39(c) accommodates the special position of the United States with respect to jury trials and waivers of sovereign immunity by expressly prohibiting regular jury trials, even where the parties consent, in "actions against the United States when a statute of the United States provides for trial without a jury." To interpret the first clause of Rule 39(c) as precluding advisory juries in suits against the United States would impermissibly import the language of the second clause into the first clause.

*Hamm*, 166 F.R.D. at 2 (citing *Poston*, 262 F. Supp. at 23–24; 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2335 ("Denial of power to use an advisory jury in [FTCA] case[s] seems a plain misreading of Rule 39(c).")).

The Court similarly reads the plain language of Rule 39(c) to allow the Court to empanel an advisory jury in a FTCA case brought against the United States. And so, the Court is guided by Rule 39(c)(1), and the weight of authority of several cases interpreting this Rule, in concluding that this Court may empanel an advisory jury in this case. Fed. R. Civ. P. 39(c); *see Hamm*, 166 F.R.D. at 2; *Wright*, 80 F.R.D. at 479; *Birnbaum*, 436 F. Supp. at 988; *Coffland*, 57 F.R.D. at 210; *Poston*, 262 F. Supp. at 23–24; *Schetter*, 132 F. Supp. at 149; *Carter*, 2009 WL 1956474, at *1; *Mowry*, 2021 WL 1857132, at *4; *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL 1950743, at *2; *Gros*, 2005 WL 6459834, at *3; *Tucker*, 2011 WL 5057052, at *9.[2]

---

[2] The Government argues without persuasion that an advisory jury cannot be empaneled in a FTCA case. While the Government correctly observes that the FTCA provides that tort actions against the United States be tried by judges rather than juries, Plaintiff is not seeking to try his FTCA claim before a jury. Rather, Plaintiff seeks to employ an advisory jury under Fed. R. Civ. P. 39(c) and the Court would remain both the trier of fact and law, consistent with the FTCA. 28 U.S.C. § 2402. The Government's argument that the Court should follow the holding in *Honeycutt v. United States* is also unavailing. ECF No. 43 at 5-6; *see also Honeycutt v. United States*, 19 F.R.D. 229, 230 (W.D. La. 1956). As discussed above, the

### B. An Advisory Jury Is Not Warranted

While the Court has discretion under Rule 39(c) to empanel an advisory jury in this case, the Court declines to exercise that discretion in this case for several reasons.

As an initial matter, the Court observes that "it is often helpful and appropriate to allow the jury to try the claims against the United States in an advisory capacity," because "the plaintiff has a right to trial by jury against the non-federal defendant(s)" in the same case. *Carter*, 2009 WL 1956474, at *1. But many courts have found the use of an advisory jury in a FTCA case to be "problematic in light of the Court's responsibility to act as a fact finder in FTCA cases, particularly in the event that the Court disagrees with the advisory jury's findings." *See. e.g.*, *Wright*, 80 F.R.D. at 479-80. And so, as one court has recognized:

> The use of advisory juries in FTCA cases creates more problems than it solves. If the advisory jury's opinion were consistent with [the judge's], it will not be very useful. On the other hand, if the advisory jury's verdict differed from the [judge's], [the judge] would have difficulty giving it effect.

*In re Air Crash Disaster at Metropolitan Airport, Detroit, Michigan on January 19, 1979*, 619 F. Supp. at 17.

As the Government correctly observes, there are no non-federal defendants for which Plaintiff would be entitled to proceed with a trial by jury in this case. The remaining claim in this case is a battery claim brought solely against the United States under the FTCA. *See* ECF No. 1. Given this, there are no individual defendants on trial in this matter requiring the empaneling of a jury. *Mowry*, 2021 WL 1857132, at *5 (declining to empanel an advisory jury because, among other reasons, "there are no individual defendants on trial in this matter requiring the empaneling of a jury").

There are also no other claims in this civil action for which the Plaintiff would have a right to a trial by jury. The remaining claim in this case is brought against the Government pursuant to the FTCA. As discussed above, Section 2402 of the FTCA expressly provides that

---

Court reads Rule 39(c) to allow district courts to try an issue with an advisory jury "in all actions not triable of right by a jury." Fed. R. Civ. P. 39(c). Because there is also no exception in Rule 39(c) for cases where the United States is a defendant, the Court declines to adopt the district court's holding in *Honeycutt* and its progeny.

tort claims brought against the Government under this statute "shall be tried by the Court without a jury." 28 U.S.C. § 2402. And so, the Court must make the findings of fact and conclusions of law in this case, even if an advisory jury is empaneled.

Second, the Court also agrees with the Government that an advisory jury would not be helpful in resolving this dispute. As discussed above, courts have found the use of an advisory jury in a FTCA case to be problematic, given the Court's responsibility to act as a fact finder in such cases. In this case, an advisory jury would not be useful, if the advisory jury's verdict were to be consistent with the Court's own determination. On the other hand, the Court could not give the advisory jury's verdict any effect, if the advisory jury's verdict differs from the Court's own determination, because to do so would improperly render the advisory jury as the trier of fact in this FTCA case.

Plaintiff has also failed to advance a sound reason for empaneling an advisory jury in this case. Plaintiff argues that an advisory jury is needed to assist the Court in determining the community-based standards that should apply to the conduct of law enforcement, and in evaluating the credibility of certain witnesses during the trial. ECF Nos. 43 and 46. In this regard, Plaintiff argues that this case implicates important community standards regarding, among other things, "the nature and extent to which law enforcement officers may have physical contact with a bystander in a residence during a law enforcement entry." ECF No. 46 at 3.

But, as the Government correctly observes, this case does not involve a dispute about whether the nature of the force used in this case was reasonable. *See* ECF Nos. 1 at ¶¶ 12, 14, 34 and 5; 29 at ¶¶ 4, 12, 14, 34 and 35 (disagreeing about whether the U.S. Marshals placed their feet on Plaintiff's back, pulled and dragged Plaintiff and caused Plaintiff's injuries.). Rather, the parties disagree about whether *any* force was used on Plaintiff in this case. *Id*. And so, an advisory jury is not needed to help inform the Court's decision about the community-based standards that should apply to the conduct of law enforcement. Plaintiff also fails to explain why the Court would be unable to weigh the credibility of the witnesses in this case and to make credibility determinations about the witnesses during the trial. ECF Nos. 43 and 44.

Given this, Plaintiff simply has not shown that an advisory jury is needed in this case. And so, for these reasons, the Court DENIES Plaintiff's motion to empanel an advisory jury.

## V. CONCLUSION

In sum, the Court reads Rule 39(c) to give the Court discretion to empanel an advisory jury in a FTCA case. But, Plaintiff has not met his burden to show that the Court should exercise such discretion and empanel an advisory jury in this case. And so, the Court **DENIES** Plaintiff's motion to empanel an advisory jury. Fed. Civ. P. R. 39(c).

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
